IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>BEN CURRY; Lieutenant. RIVERO; Sergeant S. ORTIZ; and Correctional Officers S. MURPHY, J. DOE 1, and J. DOE 2 ,<br><br>  Defendants. | No. C 09-1997 WHA (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, an inmate at the Correctional Training Facility in Soledad, has filed a pro se civil rights complaint under 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

1  (9th Cir. 1990).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that while searching him, defendant Murphy "grabbed" his buttocks in a way that plaintiff found sexually suggestive. When plaintiff complained, Murphy said "what[,] you don't like the way I grabbed your ass?" Plaintiff alleges that defendants Sergeant Ortiz, Lieutenant Rivero and "other correctional officers" made "ridiculing comments" and verbally harassed him about Murphy's allegedly sexual touching.

There is no right to privacy in a prison cell, *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), and a prisoner may be subjected to strip searches and body cavity searches conducted in a reasonable manner, *Bell v. Wolfish*, 441 U.S. 520, 561 (1979). The Eighth Amendment provides some protection from maliciously motivated searches or calculated harassment unrelated to prison needs, however. *Hudson*, 468 U.S. at 528-30. Sexual assault, coercion and

harassment, certainly may violate contemporary standards of decency and cause physical and psychological harm so as to violate the Eighth Amendment. *Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). To be sure, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation--the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force. *Hudson*, 503 U.S. at 9-10.

When liberally construing plaintiff's allegations that defendant Murphy touched him in a sexual manner and verbally taunted him, they are sufficient to require a response.

By contrast, plaintiff's allegations that defendants Ortiz and Rivero verbally harassed him, even if liberally construed, do not rise to the level of an Eighth Amendment violation and will be dismissed. *See Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (mere verbal sexual harassment does not amount to an Eighth Amendment violation). Plaintiff makes no allegations against defendant Curry, the Warden, who cannot be held liable simply because he is a supervisor of Murphy. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983, i.e. solely because one is responsible for the actions or omissions of another). The claims against defendant Curry will therefore be dismissed.

**CONCLUSION**

1. The claims against defendants Ortiz, Rivero and Curry are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon defendant Correctional Officer S. Murphy at the Correctional Training Facility. The clerk shall also mail a copy of the complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case:

    a. No later than ninety days from the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date

the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

 If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

   c. Defendant **shall** file a reply brief no later than fifteen days after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

 3. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

 4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  October 1, 2009 .

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\SMITH1997.SERVE.wpd

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.  If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.