IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SMITH,<br><br>      Plaintiff,<br><br>  v.<br><br>BEN CURRY; Lieutenant. RIVERO; Sergeant S. ORTIZ; and Correctional Officers S. MURPHY, J. DOE 1, and J. DOE 2 ,<br><br>      Defendants.<br>                                      / | No. C 09-1997 WHA (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 20, 21) |

**INTRODUCTION**

This is a civil rights action filed under 42 U.S.C. 1983 by a state prisoner proceeding pro se against. The claims against defendants Warden Ben Curry, Lieutenant Rivero, and Sergeant S. Ortiz were dismissed. The remaining defendant, Correctional Officer S. Murphy, has filed a motion for summary judgment. Although plaintiff was given an opportunity to file an opposition and warned of the potential consequences of not doing so, he has not filed an opposition. For the reasons set out below, the motion for summary judgment is **GRANTED**.

**ANALYSIS**

Defendant's motion for summary judgment is unopposed. A motion for summary judgment may not be granted solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may,

however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record sua sponte for a triable issue of fact).

Plaintiff alleges that while searching him, Murphy "grabbed" his buttocks, and when plaintiff objected said "what[,] you don't like the way I grabbed your ass?" Plaintiff alleges that he felt "made a joke of, ridiculed, and . . . sexually violated" (Compl., Attachment 2, 4). He seeks money damages for this and for "psychological stress," and he does not seek any other form of relief, such as injunctive or declaratory relief.

The papers in support of defendant's motion for summary judgment show that defendant is entitled to summary judgment because plaintiff's suit seeks money damages for mental or emotional injuries in the absence of any physical injury. The Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury. 42 U.S.C. § 1997e(e); *see Oliver v. Keller*, 289 F.3d 623, 627-29 (9th Cir. 2002). In his complaint, plaintiff seeks money damages for feeling "ridiculed" and "violated," and for mental stress. He alleges no physical injury, however. In addition, in his sworn deposition, plaintiff stated that Murphy's search did not cause him to suffer any pain (Huynh Decl. Ex. 3 (Smith Depo.) at 29:4-7). As there is no allegation or evidence that plaintiff suffered any physical injury from Murphy's actions, his claim for damages for alleged mental and emotional injuries are barred by Section 1997e(e). Murphy is entitled to summary judgment on these grounds, and the other arguments raised in his motion need not be reached.

//

//

**CONCLUSION**

Defendant's motion for summary judgment (docket number 21) is **GRANTED**. Plaintiff's motion for appointment of counsel (docket number 20) is **DENIED** for want of any circumstances warranting such appointment.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January  31 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\SMITH1997.MSJ.wpd

3